**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-167-MEH

TRIZETTO CORPORATION, a Delaware corporation,

Plaintiff,

v.

HEALTHEDGE SOFTWARE, INC., a Delaware corporation,

Defendant.

---

## AGREED PROTECTIVE ORDER

---

WHEREAS, disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.

Accordingly, Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY AGREED by the parties through their respective counsel of record that:

1.      In connection with discovery and other proceedings in this action, the parties may designate any document, thing, material, testimony, or other information derived therefrom (whether by document, by deposition testimony, by interrogatory answer, request to admit or in any Motion, pleading, affidavit, declaration, brief or other document submitted to this Court or otherwise), as Protected Material under the terms of this Protective Order (hereinafter "Order").

Protected Material is any material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

2.     "CONFIDENTIAL" material is any so-designated document, thing, material, testimony, or other derived information that is, includes, or constitutes information which the producing party has a good faith basis for contending is a non-public highly competitive trade secret, customer or business information, or similarly confidential and sensitive technical, scientific, commercial, business, or financial information, or future business or marketing plans or strategy.

3.     "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material is any so-designated document, thing, material, testimony, or other derived information that is, includes, or constitutes extremely sensitive information which the producing party has a good faith basis for contending that the disclosure of such to another party or non-party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

4.     Documents, things, or other tangible materials to be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be designated as such by stamping on each page of the copies of the document or thing produced to a party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or by otherwise affixing to the thing produced a label with such designation. Where only portions of a document or interrogatory answer are claimed to be Protected Material, the producing party shall designate the parts of said materials for which "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" treatment is claimed, and only those portions shall be subject to this Order. The failure of a party to designate in the first

instance material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not preclude that party from subsequently designating the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

5.      Testimony taken at a deposition, conference, hearing or trial may be designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" by a statement by an attorney of one of the parties to that effect on the record at the deposition or other proceeding, or by written notice to the opposing party within fourteen (14) days of receipt of a transcript thereof. If such designation is made during the course of a deposition, counsel for a party or the witness may request all persons, except persons entitled to receive such information pursuant to this Order and the stenographer, to leave the room where the deposition or testimony is proceeding until completion of the answer or answers containing such Protected Material and the reporter shall then separately transcribe those portions of the testimony so designated and shall mark the face, and if possible, each page of the transcript with the appropriate designation and seal it in a separate envelope. The failure of a party to designate in the first instance testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not preclude that party from subsequently designating the testimony as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," provided that the designation is made within the fourteen (14) day period set forth above. No party shall disclose in any manner, testimony information, whether designated as Protected Material or not, prior to five (5) days after receipt of the transcript thereof. The designation of testimony as Protected Material may be "temporary," with such designation being removed by the designating party as the circumstances may thereafter dictate. Arrangements

shall be made with the court reporter taking and transcribing such proceeding to separately bind such portions of the transcript containing information designated as Protected Material, and to label such portions appropriately.

6.      Documents, things, material, testimony, or other derived information designated as Protected Material under this Order, the information contained therein, and any summaries, copies, abstracts, or other documents derived in whole or in part from such Protected Material shall be used only for the purpose of the prosecution, defense, or settlement of this action, and not for any business or other purpose whatever, unless under legal compulsion in connection with a court case or other governmental administrative proceeding. In such event, the party from whom production is sought will promptly advise the designating party of such legal compulsion and both parties agree to cooperate in a good faith attempt to protect such Protected Material, be it through objections, motion to quash, protective order or otherwise.

7.      Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may only disclose any information or item designated "CONFIDENTIAL" to:

(i)      This Court and any court to which an appeal in this action might lie, and the "support personnel" of each such Court, as well as trial jurors;

(ii)     The outside counsel of record in this action and their associate attorneys and their "support personnel" whose functions require access to such material;

(iii)    Outside vendors who perform microfiching, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services;

(iv)     Court reporters at depositions or hearings and their "support personnel" engaged in preparing transcripts of testimony or hearings for this action;

(v)     Independent experts and consultants that are retained or consulted by outside counsel of record solely for the purpose of consultation or for assistance in the preparation or prosecution of claims or defenses in this action and not a competitor of the party designating the "CONFIDENTIAL" material, and the employees of such experts and consultants who are assisting them. A party desiring to disclose "CONFIDENTIAL" material to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgment in the form attached hereto as Exhibit A and a current resume. A copy of the Acknowledgment and resume shall be served upon opposing counsel with a cover letter identifying each entity for which the expert or consultant has worked in the past two years. The opposing party shall then have five business days to serve a specific written objection to such disclosure. If an objection is served within the five business day period, there shall be no disclosure to the expert or consultant except by agreement of the parties or order of the Court. If no objection is served within the five business day period, objections are waived and disclosure to the expert or consultant may proceed. If a party objects pursuant to the provisions of this paragraph and the parties cannot resolve their dispute, the party designating the information as "CONFIDENTIAL" may file an appropriate motion requesting that the Court determine whether the disputed information should be provided to the expert. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the "CONFIDENTIAL" material to its expert.

(vi)    Any person (a) who is identified as an author or recipient, including receipt by copy, of any document or information, or (b) who has been identified by the party designating the material as "CONFIDENTIAL" as having been provided with the document or information. Such persons shall have access only to the specific document or information authored or received.

(vii)   No more than three corporate representatives (including In-House Counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation and who have signed the Acknowledgment in the form attached hereto as Exhibit A.

(viii)  Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure. Prior to receiving any "CONFIDENTIAL" material, each person in categories (iii) and (v), shall be provided with a copy of this Order.

8.      Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may only disclose any information or item designated "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to:

(i)     This Court and any court to which an appeal in this action might lie, and the "support personnel" of each such Court, as well as trial jurors;

(ii)    The outside counsel of record in this action and their associate attorneys and their "support personnel" whose functions require access to such material;

(iii)   Outside vendors who perform microfiching, photocopying, computer classifications or similar clerical functions, but only for so long as necessary to perform those services;

(iv)    Court reporters at depositions or hearings and their "support personnel" engaged in preparing transcripts of testimony or hearings for this action;

(v)     Independent experts and consultants that are retained or consulted by outside counsel of record solely for the purpose of consultation or for assistance in the preparation or prosecution of claims or defenses in this action and not a competitor of the party designating the "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, and the employees of such experts and consultants who are assisting them. A party desiring to disclose "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material to outside experts or consultants shall first obtain from each expert or consultant an Acknowledgment in the form attached hereto as Exhibit A and a current resume. A copy of the Acknowledgment and resume shall be served upon opposing counsel with a cover letter identifying each entity for which the expert or consultant has worked in the past two years. The opposing party shall then have five business days to serve a specific written objection to such disclosure. If an objection is served within the five business day period, there shall be no disclosure to the expert or consultant except by agreement of the parties or order of the Court. If no objection is served within the five business day period, objections are waived and disclosure to the expert or consultant may proceed. If a party objects pursuant to the provisions of this paragraph and the parties cannot resolve their dispute, the party designating the information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" may file an appropriate motion requesting that the Court determine whether the disputed information should be provided to the expert. In connection with a motion filed under this provision, the party designating the information as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the receiving party's need to disclose the

"HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material to its expert.

(vi)     Any person (a) who is identified as an author or recipient, including receipt by copy, of any document or information, or (b) who has been identified by the party designating the material as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as having been provided with the document or information. Such persons shall have access only to the specific document or information authored or received.

(vii)    Such other persons as hereafter may be designated by written agreement of all parties in this action or by order of the Court, such order obtained on noticed motion (or on shortened time as the Court may allow), permitting such disclosure. Prior to receiving any "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material, each person in categories (iii) and (v), shall be provided with a copy of this Order.

9.       Any non-party that produces information that qualifies as Protected Material under this Order (whether by document, by deposition testimony, by interrogatory answer, or otherwise) in the course of discovery herein may designate such produced information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" as specified in this Order and thereby obtain protection pursuant to the terms and conditions of this Order for such designated information. Neither nonparties, nor any of their representatives, shall have any right to access any material or information produced by a party or another non-party that has been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," without the prior written approval of the producing party or other non-party.

10.      Nothing herein shall impose any restrictions on the use or disclosure by a party of material legally obtained by such party independent of discovery in this action, whether or not such material is also obtained through discovery in this action, or from disclosing its own Protected Material as it deems appropriate.

11.     If Protected Material, including any portion of a deposition transcript designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," is included in any papers to be filed in Court, such papers shall be labeled on each page "Protected Material - Subject to Court Order" and filed under seal until further order of this Court. Such documents shall be filed in a sealed envelope upon which shall be endorsed the style of this action, the general nature of the contents of the envelope, and the following legend: "THE MATERIALS CONTAINED IN THIS ENVELOPE ARE SUBJECT TO AN ORDER TO SEAL DATED _____ AND SHALL, EXCEPT UPON FURTHER ORDER OF THE COURT, BE MADE AVAILABLE ONLY TO COUNSEL OF RECORD OF THE PLAINTIFF AND DEFENDANT, AND THIS COURT'S SUPPORT PERSONNEL."

12.     In the event that any Protected Material is used in any court proceeding in this action, it shall not lose its Protected Material status through such use, and the party using such Protected Material shall preserve its confidentiality during such use. This will be governed by the rules of the Court.

13.     All Protected Material not reduced to documentary, tangible, or physical form or which cannot be conveniently designated in the manner set forth in other parts of this Order shall be designated by the producing party by informing the receiving party in writing. The failure of a party to designate in the first instance material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall not preclude that party from subsequently designating the material as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

14.     This Order shall be without prejudice to the right of the parties (i) to bring before the Court at any time the question of whether the use of this Order should be restricted, (ii) to present a motion to the Court under Fed.R.Civ.P. 26(c) for a separate protective order as to any particular document or information, including restrictions differing from those as specified herein, or (iii) to bring before the Court at any time a motion to change the designation of any Protected Material from the classification of "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" regardless of whether the material was produced by a party or third-party. This Order shall not be deemed to prejudice the parties in any way in any future application for modification of this Order. Until the Court rules on such a motion, the documents and information in question shall be treated in accordance with this Order under the designation being challenged by the motion.

15.     A party may object to the designation of particular "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion

within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and shall not thereafter be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" in accordance with this Protective Order.  In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY".

16.    A producing party may notify the other parties that documents that should have been designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under the terms of this Order were inadvertently produced without being designated as such. Upon receiving such notice from the producing party, the party receiving such notice shall immediately treat the document as if it had been so designated and shall place the appropriate designation on the document within five (5) business days of receipt of such notice. Also within five (5) business days of receipt of such notice, the receiving party shall notify in writing all individuals who, to the best of the receiving party's attorney's knowledge or recollection, have seen, had access to, or learned the contents of, such documents, that such documents are "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" and that further disclosure by them is strictly prohibited. On or before the first day of trial, or within ten (10) days after receipt of a fully executed settlement agreement or order of dismissal of this entire litigation, whichever is applicable, the receiving party shall provide the producing party with copies of the written notifications and an accompanying list of the individuals to whom

disclosure has or may have been made. No party shall be held in breach of this Order if, before receipt of such notice, any documents inadvertently produced without being designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" were disclosed to any person(s) not authorized to receive "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" material under this order.

17.     Any party's failure to challenge a designation of any document or information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to this Order shall be without prejudice to the right of any party to contest the substantive legal status of such designated material as trade secret or Protected Material.

18.     This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order or the production of any information or documents under the terms of this Order or any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

19.     At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" shall be returned to the party that designated it "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY", or the parties may elect to destroy "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents. Where the parties agree to destroy

"CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

20.     In connection with any non-party document production in this action, each party shall be afforded reasonable opportunity to review those documents whose production has been called for and to designate, not less than five (5) business days after receipt of notice by fax ("Notice") from the party who obtains the non-party production, any documents or portions of such documents as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" pursuant to the applicable terms of this Order, provided that no party shall disclose in any manner, any such third party produced documents, whether designated as Protected Material or not, prior to five (5) business days after serving said Notice on all other parties in this cause of action. Such designation shall be made either in a manner agreed upon by counsel or in such manner as is reasonable under the circumstances (e.g., by identifying the Bates numbers of the designated documents or by stamping the appropriate legend on copies of the designated documents and delivering the copies to opposing counsel).

21.     Neither the taking of nor the failure to take any action to enforce the provisions of this Protective Order shall constitute a waiver of any claim or defense in the trial of this action or any other action, including, but not limited to, the claim or defense that any such information is or is not proprietary to any party or other person or that such information embodies trade secrets of any party or other person. The procedures set forth herein shall not affect the rights of the parties or other person to object to discovery on any permissible grounds. Nor shall they relieve a party of the necessity of proper response to discovery devices.

22.     This Protective Order shall not abrogate or diminish any contractual, statutory or other legal obligation or right of any party or other person with respect to any "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" information or documents. The fact that information is designated "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" under this Protective Order shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. Absent a stipulation of the parties or otherwise permitted by the Court, the fact of such designation shall not be admissible during the trial of this action, nor shall the jury be advised of such designation, except to the extent revealed by the designations "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" on Exhibits presented to the court and/or to the jury. The fact that any information is disclosed, used or produced in discovery or trial herein shall not be construed admissible, or offered in any action or proceeding before any court, agency, or tribunal as evidence of or concerning whether such information is Protected Material or proprietary.

23.     This Protective Order shall apply to any and all copies, writings, and notes made from or derived from information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY."

The parties agree forthwith to submit this Agreed Protective Order to the Court to be "So Ordered" and further agree that, prior to approval by the Court, this Agreed Protective Order shall be effective as if approved.

Dated this 25th day of November, 2015, in Denver, Colorado.

**BY THE COURT:**

__s/Michael E. Hegarty_____
Michael E. Hegarty
United States Magistrate Judge

Approved as to form:

s/ *Gianni Cutri*

Gianni Cutri
KIRKLAND & ELLIS LLP
300 North LaSalle Street
Chicago, Illinois 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200

Michael De Vries
KIRKLAND & ELLIS LLP
333 South Hope Street
Los Angeles, California 90071
Telephone: (213) 680-8400
Facsimile: (213) 680-8500

Jared Barcenas
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, New York 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900

*Attorneys for Plaintiff*
*TriZetto Corporation*

s/ *John R. Posthumus*

John R. Posthumus
jposthumus@sheridanross.com
George T. Scott
jscott@sheridanross.com
SHERIDAN ROSS P.C.
1560 Broadway, Suite 1200
Denver, Colorado 80202-5141
Telephone: (303) 863-9700
Facsimile: (303) 863-0223
E-Mail: litigation@sheridanross.com

Robert D. Carroll
GOODWIN PROCTER LLP
Exchange Place
53 State Street
Boston, MA 02109
Telephone: (617) 570-1000
Facsimile: (617) 523-1231
Email: rcarroll@goodwinprocter.com

*Attorneys for Defendant*
*HealthEdge Software, Inc.*

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 15-cv-167

TRIZETTO CORPORATION,
a Delaware corporation,

Plaintiff,

vs.

HEALTHEDGE SOFTWARE, INC.,
a Delaware corporation,

Defendant.

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

In consideration of the disclosure to me or production by me of certain information, which is, or upon production may be, designated as subject to a Protective Order of the Court, I agree as follows:

1.      I have read the Protective Order in this case and I agree to be bound by its terms.

2.      I understand that if I violate the terms of the Protective Order, I may be subject to a contempt of court proceeding.

3.      I agree to submit myself to the personal jurisdiction of this Court in connection with any proceedings concerning the Protective Order.

Dated: _____          _____
                                                 (Signature)

                                                 _____
                                                 (Print Name)

                                                 _____

                                                 _____

                                                 _____
                                                 (Address)

16